RECEIPT #_____
AMOUNT $___150.00_____
SUMMONS ISSUED_YES_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY CLK_Kim Drud_____
DATE____12-12-03_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 12  P 3: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| FIRST ACT INC. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| KIDZ TOYZ, INC. and | ) |
| CHRISTMAS TREE SHOPS, INC. | ) |
| | ) |
| Defendants | ) |
| | ) |

Civil Action No. _____

# 03-12507EFH

MAGISTRATE JUDGE_Alexander_

## COMPLAINT AND JURY DEMAND

### Introduction

1.      In this action, First Act Inc. seeks redress for trade dress infringement, "palming off," unfair competition, and related conduct by Kidz Toyz, Inc., and Christmas Tree Shops, Inc. First Act, based in Newton, Massachusetts, designs, manufactures, and markets a successful boxed set containing four musical instruments geared for children. This boxed set, sold under the name "Junior Quartet," contains a tambourine, triangle, and two "jingle sticks." Jingle sticks are percussion instruments consisting of bells or cymbals attached to a handle. The packaging and product configuration for this boxed set, including the configuration of the jingle sticks, are distinctive and enjoy trade dress protection.

2.      In the first half of 2003, First Act approached Christmas Tree Shops to carry the Junior Quartet boxed set in its stores throughout New England and New York. The First Act sales representative met with a Christmas Tree Shops executive and left samples of the Junior Quartet boxed set with him. Christmas Tree Shops, however, declined to order the products from First Act. Instead, Christmas Tree Shops arranged to buy a similar boxed set from Kidz

Toyz, Inc. The Kidz Toyz boxed set, labeled "4 Piece Musical Set," is a knock-off of First Act's Junior Quartet, containing the same four musical instruments (tambourine, triangle, two jingle sticks), arranged in the same manner in the same distinctive packaging as First Act's Junior Quartet boxed set. Moreover, the Kidz Toyz jingle sticks are exact copies of First Act's distinctive jingle sticks and infringe First Act's trade dress rights.

3.    In November 2003, First Act discovered the knock-off advertised in a local newspaper and sold at the Christmas Tree Shops store in Natick, Massachusetts. The knock-off boxed set retails for several dollars less than First Act's product and is harming First Act's sales and relations with its customers (*i.e.*, with other retail store chains that carry the Junior Quartet boxed set). Accordingly, First Acts seeks injunctive relief and damages resulting from this trade dress infringement, unfair competition, and other wrongful conduct by the two defendants.

### Parties

4.    First Act Inc. is a Massachusetts corporation headquartered at 320 Needham Street in Newton.  First Act designs, manufactures, and sells musical instruments and other music related products, ranging from simple percussion instruments for young children, to band instruments (*e.g.*, trumpets, flutes, clarinets) for school children, to hand-crafted electric guitars for professional musicians. In particular, First Act designs and markets the FirstAct Discovery™ line of affordable musical instruments geared for children ages 4-10.  First Act markets these musical instruments primarily through mass merchandisers (*e.g.*, Wal-Mart), discount retailers (*e.g*, K-Mart, Target), wholesale clubs (*e.g.*, Sam's, BJ's, Costco), and other large retail chains.

5.    Kid Toyz, Inc., is, on information and belief, a New York corporation located at 222 Mamaroneck Avenue, Suite 207A, White Plains, New York 10605. Kidz Toyz markets low-

2

cost musical instruments for children and competes directly with First Act in the market for children's musical instruments.

6.    Christmas Tree Shops, Inc. is, on information and belief, a Massachusetts corporation that operates at least 23 retail stores throughout New England and New York, including 14 stores in Massachusetts. The corporate offices of Christmas Tree Shops are located at 261 White's Path, South Yarmouth, MA 02664. Christmas Tree Shops sells giftware, toys, home furnishings, and seasonal products. Christmas Tree Shops specializes in bargain prices and closeout inventory. On information and belief, Christmas Tree Shops was acquired in or about June 2003 by Bed Bath & Beyond, a publicly-traded home furnishings retailer based in Union, New Jersey.

## Jurisdiction and Venue

7.    This action includes claims for trade dress infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for related state and common law claims arising from the same core conduct. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patent and trademark actions) and 1338(b) (unfair competition). This Court has jurisdiction over the state and common law claims under the doctrine of pendent jurisdiction.

8.    Venue in this district is proper under 28 U.S.C. §§ 1391(b) and 1400(b). The defendants have sold and continue to sell infringing products in this district, do other business here, and the alleged wrongful conduct occurred substantially in this district.

## First Act's Trade Dress

9.    The Junior Quartet boxed set consists of four musical instruments--a tambourine, two jingle sticks, and a triangle--arranged in a particular manner in a package configuration that is distinctively designed to resemble a stage. The tambourine sits on a small platform in the center of the package, flanked on either side by a jingle stick. The triangle is positioned in front of and partially below the tambourine and the triangle is bisected by the striker. The four instruments could have been arranged in any number of ways. The arrangement is thus purely a design choice and is not dictated by function. Likewise, the configuration of the packaging is a matter of design choice rather than function.

10.    The design features of the jingle sticks include a rounded handle having four columns of bells attached to the top half of the handle, with a single bell on top. The handle curves inward towards the middle and appears to be thicker on the top half, where the bells are attached. A ribbon criss-crosses the top half of the stick in a distinctive pattern. The handle has three grooves spaced at intervals along its length and the top half of the stick has six grooves.

11.    The distinctive design features and trade dress of the Junior Quartet boxed set, including the jingle sticks, are shown in Exhibit A. None of these design features are functional.

12.    First Act began selling the Junior Quartet boxed set in late 2000 and has sold many thousands of units since then. First Act extensively promotes the product and takes care to preserve its high quality and value. Famous national retailers, such as Toys-R-Us and Wal-Mart, carry this product. As a result of the distinctive design and commercial success of the product, consumers have come to recognize and associate the packaging and product configuration described in Paragraphs 9-11 ("the Junior Quartet trade dress") with First Act. Accordingly, the Junior Quartet trade dress has acquired secondary meaning in the marketplace.

4

## The Wrongful Conduct

13.    In January 2003, a First Act sales representative contacted Christmas Tree Shops, hoping to interest Christmas Tree Shops in carrying the Junior Quartet boxed set and other First Act products. The sales representative then e-mailed an inventory list to a Christmas Tree Shops executive. This inventory list included a photograph of the Junior Quartet boxed set.

14.    The First Act sales representative met with the Christmas Tree Shops executive (a senior buyer) in March 2003 at the Christmas Tree Shops corporate offices in South Yarmouth, Massachusetts.  The Christmas Tree Shops executive said he was interested in carrying the Junior Quartet boxed set.  The First Act sales representative left samples of First Act products, including the Junior Quartet boxed set, with that executive.

15.    First Act could not match the very low unit price for the boxed sets that Christmas Tree Shops demanded, so Christmas Tree Shops did not buy them from First Act.

16.    Instead, Christmas Tree Shops arranged to buy a virtually identical 4-piece boxed set from Kidz Toyz that copies the distinctive design and trade dress of the Junior Quartet.  On information and belief, Kidz Toyz had these sets made in China and imported them into this country or otherwise manufactured the sets and delivered them in bulk to Christmas Tree Shops.

17.    In November 2003, First Act noticed in a local newspaper a Christmas Tree Shops advertisement touting a "4 pc. music play set" containing a tambourine, triangle, and two jingle sticks.  An in-store circular at Christmas Tree Shops also touts these music play sets.  After seeing the ad, First Act went to the Christmas Tree Shops store in Natick, Massachusetts, and bought the advertised music play set for the listed price of $9.99, which is several dollars lower than the suggested retail price for the Junior Quartet.  A photo of the accused boxed set appears in Exhibit B.

5

18.    That advertised music set turned out to be the Kidz Toyz "Center Stage," which contains the same four musical instruments (tambourine, triangle, two jingle sticks), arranged in the same manner in the same package configuration as First Act's Junior Quartet boxed set. Moreover, the jingle sticks are exact copies of First Act's distinctive jingle sticks and infringe First Act's trade dress rights. The Center Stage boxed set is a "knock-off" of the Junior Quartet boxed set that First Act left with the Christmas Tree Shops in March 2003. Exhibit C is a photo showing a side-by-side comparison of Junior Quartet and Center Stage.

19.    Kidz Toyz either copied the commercially successful Junior Quartet boxed set, including the distinctive jingle sticks, and persuaded Christmas Tree Shops to carry the knock-off products, or else it arranged to copy and import them at Christmas Tree Shops' behest. Christmas Tree Shops agreed to carry Center Stage, or asked Kidz Toyz to produce a knock-off product, only after seeing First Act's Junior Quartet boxed set and learning of its commercial success.

## COUNT I
## Trade Dress Infringement by Kidz Toyz
## In Violation of Lanham Act § 43(a)

20.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

21.    First Act first used the Junior Quartet trade dress (as described in Paragraphs 9-11) in commerce in or about 2000, nearly four years before Kidz Toyz misappropriated or copied that trade dress. First Act has used the same trade dress consistently and nationally since 2000.

22.    Kidz Toyz is using the Junior Quartet trade dress in connection with its Center Stage musical set without First Act's permission or license.

6

23.    Kidz Toyz's use of the Junior Quartet trade dress is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to Kidz Toyz's affiliation, connection, or association with First Act as to the source, origin, sponsorship, or approval of the Center Stage boxed sets.

24.    The above-described conduct constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.    On information and belief, Kidz Toyz trade dress infringement is and has been willful, wanton, reckless, and deliberate.

26.    Kidz Toyz's use of the Junior Quartet trade dress in connection with its own boxed sets has caused and is causing monetary damage and/or irreparable harm to First Act. Unless this Court enjoins further infringement, the monetary damage and/or irreparable harm will continue.

## COUNT II
### Trade Dress Infringement by Christmas Tree Shops
### In Violation of Lanham Act § 43(a)

27.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

28.    First Act first used the Junior Quartet trade dress in commerce in or about 2000, nearly four years before Christmas Tree Shops adopted or copied that trade dress. First Act has used the same trade dress consistently and nationally since 2000.

29.    Christmas Tree Shops is using the Junior Quartet trade dress in connection with the Center Stage boxed set without First Act's permission or license.

30.    Christmas Tree Shops' use of the Junior Quartet trade dress is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to Christmas Tree

7

Shops' affiliation, connection, or association with First Act as to the source, origin, sponsorship, or approval of the Center Stage boxed sets.

31.    The above-described conduct constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.    On information and belief, Christmas Tree Shops' trade dress infringement is and has been willful, wanton, reckless, and deliberate.

33.    Christmas Tree Shops' use of the Junior Quartet trade dress in connection with the boxed sets has caused and is causing monetary damage and/or irreparable harm to First Act. Unless this Court enjoins further infringement, the monetary damage and/or irreparable harm will continue.

**COUNT III**
**Common Law Trade Dress Infringement by Kidz Toyz**

34.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

35.    Kidz Toyz is engaged in trade and commerce in the Commonwealth of Massachusetts.

36.    Kidz Toyz's above-described conduct constitutes trade dress infringement in violation of Massachusetts common law.

37.    On information and belief, Kidz Toyz's trade dress infringement is and has been willful, wanton, reckless, and deliberate.

38.    Kidz Toyz's use of the Junior Quartet trade dress in connection with the Center Stage boxed sets has caused and is causing monetary damage and/or irreparable harm to First Act.    Unless this Court enjoins further infringement, the monetary damage and/or irreparable harm will continue.

## COUNT IV
## Common Law Trade Dress Infringement by Christmas Tree Shops

39.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

40.    Christmas Tree Shops is engaged in trade and commerce in the Commonwealth of Massachusetts.

41.    Christmas Tree Shops' above-described conduct constitutes trade dress infringement in violation of Massachusetts common law.

42.    On information and belief, Christmas Tree Shops' trade dress infringement is and has been willful, wanton, reckless, and deliberate.

43.    Christmas Tree Shops' use of the Junior Quartet trade dress in connection with the Center Stage boxed sets has caused and is causing monetary damage and/or irreparable harm to First Act.    Unless this Court enjoins further infringement, the monetary damage and/or irreparable harm will continue.

## COUNT V
## Palming Off by Kidz Toyz

44.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

45.    Up until the Kidz Toyz Center Stage boxed set appeared at the Christmas Tree Shops in November 2003, First Act was the sole provider in the United States of a boxed set containing a tambourine, triangle, and two jingle sticks for children.

46.    Kidz Toyz uses a product configuration and package design for its boxed sets that copies or appropriates the Junior Quartet trade dress.  On information and belief, Kidz Toyz has

9

done so with the intent to mislead customers and potential customers into thinking that First Act is the source of the boxed set.

47.    Kidz Toyz's conduct has caused and is causing monetary damage and/or irreparable harm to First Act.    Unless this Court enjoins further palming off, the monetary damage and/or irreparable harm will continue.

## COUNT VI
## Palming Off by Christmas Tree Shops

48.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

49.    Up until the Kidz Toyz Center Stage boxed set appeared at the Christmas Tree Shops in November 2003, First Act was the sole provider in the United States of a boxed set containing a tambourine, triangle, and two jingle sticks for children.

50.    Christmas Tree Shops sells boxed sets that copy or misappropriate the Junior Quartet trade dress. On information and belief, Christmas Tree Shops has done so with the intent to mislead customers and potential customers into thinking that First Act is the source of the boxed sets.

51.    Christmas Tree Shops' conduct has caused and is causing monetary damage and/or irreparable harm to First Act.    Unless this Court enjoins further palming off, the monetary damage and/or irreparable harm will continue.

## COUNT VII
### Intentional Interference with
### Advantageous Business Relations

52.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

53.    Sometime after First Act called on Christmas Tree Shops hoping to interest it in the Junior Quartet boxed set, Kidz Toyz either (a) copied the commercially successful Junior Quartet boxed set, including the distinctive jingle sticks, and persuaded Christmas Tree Shops to carry the knock-off products or (b) arranged to copy and import them at Christmas Tree Shops' behest. On information and belief, Kidz Toyz did so knowing that First Act had tried to solicit Christmas Tree Shops to carry the Junior Quartet boxed set and that Christmas Tree Shops was interested in that product.

54.    On information and belief, Kidz Toyz chose the particular product configuration and packaging with the wrongful intention of knocking off the Junior Quartet boxed set and trade dress so that Christmas Tree Shop would carry its boxed set instead of First Act's Junior Quartet boxed set.

55.    Kidz Toyz employed wrongful means to interfere with the business relationship between First Act and Christmas Tree Shops and, as a result, has harmed First Act. The same conduct also harms First Act's relationships with its existing accounts, who will now demand the same low-priced deal from First Act that Christmas Tree Shops surely got from Kidz Toyz or will buy the infringing boxed sets from Kidz Toyz instead.

11

{}

## COUNT VIII
## Unfair Competition by Kidz Toyz
## In Violation of the Lanham Act § 43(a) and Common Law

56.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

57.    On information and belief, Kidz Toyz's above-described conduct was intended to mislead or deceive the public as to the source or origin of boxed sets sold at Christmas Tree Shops, and, indeed, is likely to mislead or deceive the public as intended.

58.    This conduct constitutes unfair competition in violation of Massachusetts common law and § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.    On information and belief, Kidz Toyz's conduct is and has been willful, wanton, reckless, and deliberate.

60.    Kidz Toyz's conduct has caused and is causing monetary damage and/or irreparable harm to First Act.  Unless this Court enjoins further unfair competition, the monetary damage and/or irreparable harm will continue.

## COUNT IX
## Unfair or Deceptive Trade Practices by Kidz Toyz
## In Violation of  MGL ch. 93A, §§ 2 and 11

61.    First Act incorporates by reference the allegations set forth in the preceding paragraphs.

62.    Kidz Toyz and First Act are engaged in trade or commerce.

63.    As described above, Kidz Toyz has engaged in a scheme to deceive or mislead the public by copying the Junior Quartet trade dress.  This conduct occurred primarily or substantially in Massachusetts.

12

64.     This conduct constitutes unfair or deceptive acts or practices in violation of M.G.L. ch. 93A, §§ 2 and 11.

65.     On information and belief, Kidz Toyz's conduct was and is willful and knowing.

66.     Kidz Toyz's conduct has caused and is causing monetary damage and/or irreparable harm to First Act.   Unless this Court enjoins further unfair competition, the monetary damage and/or irreparable harm will continue.

### COUNT X
### Unfair Competition by Christmas Tree Shops
### In Violation of the Lanham Act § 43(a) and Common Law

67.     First Act incorporates by reference the allegations set forth in the preceding paragraphs.

68.     On information and belief, Christmas Tree Shops' above-described conduct was intended to mislead or deceive the public as to the source or origin of the boxed sets sold at Christmas Tree Shops, and, indeed, is likely to mislead or deceive the public as intended.

69.     This conduct constitutes unfair competition in violation of Massachusetts common law and § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     On information and belief, Christmas Tree Shops' conduct is and has been willful, wanton, reckless, and deliberate.

71.     Christmas Tree Shops' conduct has caused and is causing monetary damage and/or irreparable harm to First Act.   Unless this Court enjoins further unfair competition, the monetary damage and/or irreparable harm will continue.

13

## COUNT XI
### Unfair or Deceptive Trade Practices by Christmas Tree Shops
### In Violation of MGL ch. 93A, §§ 2 and 11

72.     First Act incorporates by reference the allegations set forth in the preceding paragraphs.

73.     Christmas Tree Shops and First Act are engaged in trade or commerce.

74.     As described above, Christmas Tree Shops has engaged in a scheme to deceive or mislead the public by copying the Junior Quartet trade dress. This conduct occurred primarily or substantially in Massachusetts.

75.     This conduct constitutes unfair or deceptive acts or practices in violation of M.G.L. ch. 93A, §§ 2 and 11.

76.     On information and belief, Christmas Tree Shops' conduct was and is willful and knowing.

77.     Christmas Tree Shops' conduct has caused and is causing monetary damage and/or irreparable harm to First Act.  Unless this Court enjoins further unfair competition, the monetary damage and/or irreparable harm will continue.


ACCORDINGLY, First Act respectfully asks this Court to enter judgment for First Act on all counts against Kidz Toyz and Christmas Tree Shops and to grant First Act the following relief:

(a)     An order under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), finding that Kidz Toyz infringes the Junior Quartet trade dress;

(b)     An order under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), finding that Christmas Tree Shops infringes the Junior Quartet trade dress;

14

(c)    An order under 15 U.S.C. § 1116 (Lanham Act § 34), M.G.L. ch. 93A, and other applicable law preliminarily and permanently enjoining Kidz Toyz, Christmas Tree Shops, and their officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them, from engaging in the following conduct:

i.    Making, using, offering for sale, selling, distributing, marketing, promoting, or advertising a 4-piece music and/or jingle sticks set embodying the Junior Quartet trade dress, including the Kidz Toyz Center Stage boxed set carried by the Christmas Tree Shops;

ii.    Otherwise infringing the Junior Quartet trade dress

iii.    Unfairly competing with First Act.

(d)    An order directing the immediate recall, destruction, and removal from store shelves throughout the United States, including from all Christmas Tree Shops, of all existing Kidz Toyz 4-piece music sets, as described above;

(e)    An award of damages under § 35 of the Lanham Act, 15 U.S.C. § 1117, adequate to compensate First Act for infringement of the Junior Quartet trade dress;

(f)    An award of damages under M.G.L. ch. 93A and other applicable law for the Defendants' unfair or deceptive acts or practices, palming off, unfair competition, and intentional interference with business relations;

(g)    A three-fold increase in damages as a result of the willful, wanton, knowing, and deliberate acts of infringement and unfair or deceptive acts or practices by Kidz Toyz and/or Christmas Tree Shops, as authorized by 15 U.S.C. § 1117(b), M.G.L. ch. 93A, and other applicable law;

(h)    An award under 15 U.S.C. § 1117 and M.G.L. ch. 93A, of costs and pre- and post-judgment interest on First Act's compensatory damages;

(i)    An award under 15 U.S.C. § 1117, M.G.L. ch. 93A, and other applicable law of First Act's attorneys' fees incurred in this action;

(j)    Such further relief as this Court deems just and proper.

**JURY DEMAND**

First Act requests a jury trial on all issues so triable.

Dated: December 12, 2003.

FIRST ACT INC.

By its attorneys,

Joel R. Leeman, BBO # 292070
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: 617-443-9292

2202/505  284916

16